JAMES HARRISON, COUNTY JUDGE, v. E. A. DICKINSON.

Decided October 28, 1908.

**Mandamus—Liquor Dealer's License—Pleading.**

A County Judge refused to issue to an applicant a license to sell intoxicating liquors for the reason that the dealer's place of business was within local option territory; the dealer applied to the District Court for mandamus to compel the issuance of the license. The issue being made by the finding of the County Judge and by the pleadings of the parties as to whether the dealer's place of business was within local option territory, the burden was upon the

applicant for mandamus to prove the negative of the issue before he could be entitled to the extraordinary writ.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Blain & Howth,* for appellant.

*Teagle & Conley,* for appellee.—When a judge has made such a finding of fact that only one judgment can be rendered upon such a finding, the entry of the proper judgment is purely a ministerial act, and by mandamus he can be compelled to enter the proper judgment, and when relator found every allegation in respondent's petition for liquor dealer's license to be true, the law is mandatory that he make the proper entry granting the license as prayed for, and only one judgment could have been entered upon such a finding, and that is not in the discretion of the court. Baskin-McGregor Law, Acts of the Thirtieth Legislature, p. 261; Lloyd v. Brinck, 35 Texas, 1.

The County Judge can not judicially know where the lines of local option territory are, and even if he did know, in fact, he would not be authorized to use such knowledge as a basis of a judgment where there was no plea making such fact an issue. A party litigant must be apprised by the pleadings of the issue he is expected to meet in order that he may have opportunity to produce evidence upon such issues. Meyers v. State, 105 S. W., 48.

REESE, ASSOCIATE JUSTICE.—Appellee made application for liquor license to appellant, County Judge of Jefferson County, under the provisions of section 10, chapter 138, Acts of the Thirtieth Legislature. His application contained all the requirements of the statute. Due notice was given, and on the hearing the County Judge (who is appellant here) found that all the allegations of the petition were true, but further found as a fact that the place where the applicant proposed to carry on his business was within territory where the sale of intoxicating liquors was prohibited under the local option laws, and on this ground refused to grant the application. Appellee thereupon brought this suit in the District Court, wherein he seeks a writ of mandamus to compel appellant as County Judge to grant his application for license, as prayed for. Upon hearing, the District Court granted the writ as prayed for, from which judgment the County Judge appeals.

It is alleged in appellee's petition in the District Court, among other things, that the place at which he sought to do business was not in a local option district. It is also alleged that upon the hearing of his application the County Judge had found that such place was in a local option district, and had refused it on that ground. Appellant in his answer alleged that the place was in local option territory.

In seeking, by the use of the extraordinary remedy of a writ of mandamus, to compel the County Judge to grant him the license prayed for, it was incumbent upon appellee to show the existence of all the facts essential to his right, and that there was no impediment to the granting of the license as prayed for. (Arberry v. Beavers, 6 Texas, 473.)

By the terms of the Act of the Legislature referred to, the right of any person to a license to sell liquor was expressly limited to such locality as was not in local option territory. The issue as to whether the place at which appellee desired to pursue his calling was within such territory was clearly raised by the finding of the County Judge and by the pleadings of the parties. In such case appellee, to entitle himself to the benefit of the law, was required to show by proper evidence that this locality was not in a local option territory. This was a fact essential to his right. The trial court did not inquire into this at all, but held that, inasmuch as the statute did not expressly require the applicant for license to set out in his application to the County Judge this negative fact, and prove it, it was immaterial in the mandamus proceeding. In this we think the court was in error. The issue as to whether the locality referred to in the application was in local option territory should have been first determined in appellee's favor before the writ of mandamus was ordered.

The judgment is reversed and the cause remanded for another trial, in accordance with this opinion.

*Reversed and remanded.*